UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HATTIE B. WARREN<br>                Plaintiff<br>versus<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>PRIMARY RESIDENTIAL MORTGAGE, INC.,<br>THE BANK OF NEW YORK, and<br>ABC INSURANCE COMPANY,<br><br>                Defendants | CIVIL ACTION<br>NO. 08-1368<br><br>SECTION SECT. N MAG. 5<br><br>MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT – JURY TRIAL REQUESTED**

NOW INTO COURT through undersigned counsel comes plaintiff, Hattie B. Warren, who asserts the following.

1.

This is an action for damages and declaratory relief relative to defendants' actions as described below, which violate the Truth in Lending Act, 15 U.S.C. §§ 1601-1666 ("TILA") and Regulation Z. TILA and its implementing regulations were enacted by Congress to encourage the informed use of credit by consumers and to enhance economic stabilization and strengthen competition among various financial institutions that extend credit to consumers.

**Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1635, and 15 U.S.C. § 1640. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred.

1

## Parties

3.

Plaintiff, Hattie B. Warren, is a resident of New Orleans, Louisiana.

4.

Defendant, Countrywide Home Loans, Inc. ("Countrywide"), is a foreign corporation doing business in this district.

5.

Defendant, Primary Residential Mortgage, Inc. ("PRM"), is a foreign corporation doing business in this district.

6.

Defendant, The Bank of New York ("BNY"), is a nationally chartered financial institution doing business in this district.

7.

Countrywide is a "creditor" as defined at 15 U.S.C. § 1602(f).

8.

PRM is a "creditor" as defined at 15 U.S.C. § 1602(f).

9.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of the defendant, which policy covers the claims made herein. ABC Insurance Company is liable in solido with defendant pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

## Facts

10.

On March 29, 2005, plaintiff Hattie Warren executed an adjustable rate mortgage note to

refinance an existing mortgage loan on her home at 1204-06 Marigny Street in New Orleans, Louisiana. The lender was Primary Residential Mortgage, Inc. (PRM).

11.

On that date, a closing agent went to Ms. Warren's home to conduct the closing. The closing agent presented her with a stack of loan documents and asked to sign. The closing agent was an agent of PRM.

12.

Prior to closing, plaintiff was not given an ARM brochure or other documents informing her of the terms of the adjustable rate loan she was presented with, or explaining how an ARM works.

13.

After the loan papers were signed, the closing agent left without giving plaintiff a copy of any of the papers she had signed. Nor did the closing agent give plaintiff a written notice informing her of her right to cancel the loan within three days.

14.

After the loan was executed, it was securitized.

15.

After the loan was executed, rights in the loan were eventually transferred to defendant Countrywide.

16.

Countrywide currently holds title to the loan, which is identified as Countrywide Loan Number 91939108.

17.

Countrywide currently is the servicer of the loan, which is identified as Countrywide Loan

Number 91939108.

18.

In the alternative, defendant Bank of New York owns the loan.

19.

In the alternative, defendant Bank of New York is the trustee for a trust which contains Ms. Warren's loan.

20.

On January 16, 2008 and on February 16, 2008, plaintiff through her attorney mailed notices to Countrywide and PRM notifying them of plaintiff's decision to exercise her right of rescission and to cancel the loan.

21.

The rescission exercised by plaintiff is allowed under the extended 3-year right of rescission of 15 U.S.C. § 1635(f).

22.

Countrywide and PRM acknowledged receipt of the notices of rescission but failed to take the steps required by 15 U.S.C. § 1635(b). In addition, Countrywide failed to release the security interest created by the credit transaction.

23.

When a consumer rescinds a transaction under 15 U.S.C. § 1635, the security interest giving rise to the right of rescission becomes void by operation of law, and the consumer shall not be liable for any amount, including any finance charge. 12 C.F.R. 226.15(d)(1).

## TRUTH IN LENDING ACT VIOLATIONS

24.

Defendants have violated the TILA in respects including, but not limited to, failing to

provide plaintiff with the notices required by law prior to loan consummation, underdisclosure of the finance charge, failing to provide her with two copies of a notice of right to cancel, and failing to take the actions required by law upon receipt of plaintiff's notice of rescission.

## DEMAND FOR AN ACCOUNTING

25.

Plaintiff demands an accounting of all transactions associated with her loan account, including but not limited to an itemization of all money received and disbursed, all credits and debits to the account balance, all insurance charged and placed, and all late fees, penalties, attorney fees, and all other items charged or demanded.

26.

As a result of defendants' actions and failures to act as described herein, plaintiff has suffered damages including but not limited to financial loss.

27.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in her favor and against the defendants and its insurers jointly, severally, and in solido, recognizing the validity of plaintiff's rescission of the loan transaction and ordering appropriate further relief, and for all damages, interest, costs and expenses of litigation, reasonable attorney fees, and all relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY  #21246
321 N. Vermont Street, Suite 204
Covington, LA  70433
PH: 985-892-7222  FAX: 985-892-7075

**PLEASE SERVE:**

Please certify three copies of the complaint for service pursuant to the Louisiana Longarm Statute on:

**COUNTRYWIDE HOME LOANS, INC.**
Through its registered agent:
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA  70802

**PRIMARY RESIDENTIAL MORTGAGE, INC.**
Through its registered agent:
David Zitting
4750 W Wiley Post Way #200
Salt Lake City, UT  84116

**THE BANK OF NEW YORK**